UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

George Ellis Simmons,
    Plaintiff,

vs.                                                                                            08-1288

Kevin Gilson, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

    Before the court are the defendants, David Hopkin, Patabandula, and Shaw's summary judgment motion [32], the plaintiff's response [39], the defendants, Kevin Gilson and John Sisson's summary judgment motion [44] and the defendant, Shaffer's motion for order to adopt motion for summary judgment for failure to exhaust administrative remedies [41].

**Standard**

    Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

    "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc*., 176 F.3d 390, 390 (7th Cir. 1999). Failure by the

1

non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

Discussion and Conclusion

On the face of his complaint [1] at page 15, and in his response [39] at page 2, the plaintiff admits that he did not exhaust administrative remedies. He argues that he was not required to do so because (1) the exhaustion of administrative remedies in this case would be futile since he was in danger of imminent harm resulting from the failure of the defendants to provide adequate medical and mental services and (2) his claim is for violation of both the Constitution and the "public entity" provisions of Title II of the Americans with Disabilities Act.

The plaintiff is mistaken. The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, but as with any affirmative defense, dismissal on the pleadings for failure to exhaust is appropriate if it is "apparent from the complaint itself" and "unmistakable" that exhaustion did not occur. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)("when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit); Massey *v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). There is no futility, sham. or substantial compliance exception to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Booth v. Churner*, 121 S.Ct. 1819 (2001)(PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken); *Massey v.* Helman, 259 F.3d 641 (7th Cir. 2001)(inmate alleging failure to repair hernia timely must exhaust administrative remedies, even though surgery performed and only money damages sought). Exhaustion means properly and timely taking each step in the administrative process established by state procedures. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars section 1983 suit). Failure to follow the procedures through to their conclusion, including timely appealing a grievance denial, bars a suit under 42 U.S.C. § 1983. A dismissal for failure to

exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired.  *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

It is therefore ordered:

1. The defendant, Shaffer's motion for order to adopt the motion for summary judgment for failure to exhaust administrative remedies [41] is granted.  Pursuant to 42 U.S.C. § 1997e(a), the defendants, Shaw, Patabandula, Hopkins and Shaffer' motion for summary judgment for failure to exhaust administrative remedies [32] is granted to the extent the plaintiff''s complaint is dismissed, without prejudice, for failure to exhaust administrative remedies.  The defendants, Kevin Gilson and John Stisson's motion for summary judgment for failure to exhaust administrative remedies [44] is granted to the extent the plaintiff''s complaint is dismissed, without prejudice, for failure to exhaust administrative remedies.  Sua sponte, pursuant to 42 U.S.C. § 1997e(a), the plaintiff's lawsuit is dismissed, without prejudice, against the remaining defendant(s) for failure to exhaust administrative remedies.   Any remaining matters are rendered moot.  The clerk of the court is directed to terminate this lawsuit in its entirety
2. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. .

Enter this 29th  day of October 2009.

<u>**s\Harold A. Baker**</u>

_____
Harold A. Baker
United States District Court